IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

STEPHEN BROWN,

           Plaintiff,

v.

COMMISSIONER, Social Security Administration,

           Defendant.

Case No. 3:11-cv-00176-CL

**ORDER**

CLARKE, Magistrate Judge.

This matter comes before the Court on the stipulation of the parties (#29) that plaintiff be awarded attorney fees (#28) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**BACKGROUND**

On February 10, 2010, plaintiff filed a Complaint (#2) in this court seeking judicial review of a final decision of the Commissioner of the Social Security Commission denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act, as amended ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3). On January 18, 2012, this court granted (#27) the Commissioner's motion to remand (#26) plaintiff's case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Page 1 – ORDER

## LEGAL STANDARDS

To award attorney's fees under the EAJA, the Court must determine (1) that the claimant is a "prevailing party"; (2) that the government has not met its burden of showing that its position was "substantially justified" or that special circumstances make an award unjust; and (3) that the requested fees and costs are reasonable. *See* Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002); 28 U.S.C. § 2412(d)(1)(A). "[A]n applicant for benefits becomes the prevailing party upon procuring a sentence-four remand for further administrative proceedings, regardless of whether [she] later succeeds in obtaining the requested benefits." Flores v. Shalala, 49 F.3d 562, 568 (9th Cir. 1995). An EAJA fee award must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *See* Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316 (1990); Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998) (applying Hensley to cases involving the EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. *See* Hensley, 461 U.S. at 433; Atkins, 154 F.3d at 988.

## DISCUSSION

It is undisputed that plaintiff is a prevailing party, and the Commissioner has conceded that its position in denying her benefits application was not "substantially justified," as demonstrated by the stipulations to remand of plaintiff's case and to an award of attorney fees. Plaintiff's counsel has provided an accounting of time expended on plaintiff's case, showing 21.6 hours in 2011, and 1.1 hours in 2012, for a total of 22.7 hours. At the asserted hourly rate of $180.59, this amounts to $4,099.39 in attorneys fees. The parties have stipulated (#29) to an

attorney fee award in the amount of $4,099.39. The court finds that the hours worked, hourly rates, and stipulated attorney fee are reasonable. Therefore,

IT IS ORDERED that plaintiff is awarded attorney's fees under the EAJA in the amount of $4,099.39 pursuant to the stipulation of the parties (#29). Unless it is determined that plaintiff owes a federal debt, the government shall be made payable to plaintiff and delivered to plaintiff's counsel. *See* Astrue v. Ratliff, -- U.S. --, 130 S.Ct. 2521 (2010). Plaintiff has not filed an assignment of EAJA fees. Should plaintiff provide a signed assignment requesting that the attorney fee awarded under the EAJA be paid directly to his counsel, the government shall accept the assignment and pay the EAJA attorney fee directly to plaintiff's counsel. Id.

IT IS SO ORDERED.

DATED this _9_ day of March, 2012.

_____
MARK D. CLARKE
United States Magistrate Judge